UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WILLIAM A. HIRST,<br><br>　　　　Defendant. | Case No: CR 11-0157 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR INTRADISTRICT TRANSFER**<br><br>Dkt. 4 |

　　　　The parties are presently before the Court on Defendant's Motion for Intradistrict Transfer. Dkt. 4. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

**I.　BACKGROUND**

　　　　Defendant was indicted on two counts of making false statements to the Internal Revenue Service, in violation of 18 U.S.C. § 1001. See Dkt. 1. Both of these violations occurred in Alameda County, and this matter was assigned to the Oakland Division of this District. Id. On March 28, 2011, Defendant filed the instant motion to transfer this case from the Oakland Division to the San Francisco Division pursuant to Criminal Local Rule 18-2. Defendant asserts that this transfer is for the convenience of the parties and counsel and for the prompt administration of justice. Plaintiff opposes Defendant's motion.

**II.　ANALYSIS**

　　　　Criminal Local Rule 18-1(b) provides that "[u]nless otherwise ordered, the Clerk shall assign all criminal actions and proceedings involving offenses allegedly committed in the counties of Alameda and Contra Costa to a Judge assigned to the Oakland Courthouse." Crim.

1  L.R. 18-1(b).  Transfer of a criminal case within a single district (an intradistrict transfer) is
2  governed by Federal Rule of Criminal Procedure 18.  See United States v. Lipscomb, 299 F.3d
3  303, 340 (5th Cir. 2002).  Rule 18 requires that the court "set the place of trial within the
4  district with due regard for the convenience of the defendant, any victim, and the witnesses,
5  and the prompt administration of justice."  Fed. R. Crim. P. 18.  Also, Criminal Local Rule 18-
6  2 gives the Court discretion to "transfer a criminal case to a different courthouse if it appears
7  that the case was not properly assigned under Crim. L.R. 18-1(a), (b), (c), or (d) or that a
8  transfer would be in the interest of justice based upon the convenience of the defendant and the
9  witnesses and the prompt administration of justice."  Crim. L.R. 18-2.
10         Here, Defendant argues that transfer is warranted "because the offices of Defendant's
11  counsel and Plaintiff's counsel … are located in San Francisco," and, therefore, "transferring
12  the case from Oakland to San Francisco will enable counsel for both parties to more efficiently
13  allocate resources which will result in the prompt administration of justice." [1]  Def.'s Mtn. at 1.
14  At the outset, it should be noted that Plaintiff, in opposing the instant motion, refutes
15  Defendant's assertion that transfer would be more efficient for both parties' counsel, and
16  observes that "the travel time required for the Parties' Counsel to travel to the Oakland
17  Courthouse is negligible."  Plf.'s Opp. at 5.  Moreover, Defendant resides in Alameda County,
18  which is in closer proximity to the Oakland Courthouse than the San Francisco Courthouse.
19  See Dkt. 1.  Finally, while Defendant asserts that trial in San Francisco would be either more or
20  equally convenient for the witness, as "all of the material government witnesses are located
21  outside of this jurisdiction in Texas, or in San Francisco," Plaintiff responds that "seven local
22  witnesses live or work in the East Bay and it is more convenient for them to commute to the
23  Oakland Courthouse."  See Def.'s Mtn. at 1; Plf.'s Opp. at 4.  As such, Defendant has not
24  established that the convenience of the witnesses favors transfer of this action from Oakland to
25  San Francisco.

---

[1] Defendant does not assert that this action was improperly assigned to the Oakland Division.

At bottom, taking these factors into account, Defendant has not shown that transfer of this action from the Oakland Division to the San Francisco Division would be in the interest of justice based upon the convenience of the defendant and the witnesses and the prompt administration of justice.  See Crim. L.R. 18-2.

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendant's Motion for Intradistrict Transfer is DENIED.  This Order terminates Docket 4.

IT IS SO ORDERED.

Dated: April 5, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge