UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                     )<br>        Plaintiff,                         )<br>                                                     )<br>        v.                                       )<br>                                                     )<br>                                                     )<br>WILLIAM HIRST,                   )<br>                                                     )<br>        Defendant.                       )<br>_____) | No. CR 11-0157 SBA<br><br><br><br>**STIPULATION AND<br>PROTECTIVE ORDER** |

With the agreement of the parties, and with the consent of the aforementioned defendant, by and through his counsel, the Court enters the following order:

1.      The defendant is charged with the alleged violation of 18 U.S.C. 1001.

1

2.      Pursuant to the government's discovery obligations, the government has agreed to provide for inspection, and copying, or otherwise delivery of discovery materials.

3.      Due to the nature of the case, the discovery contains personal identifying information, including social security numbers and birth dates, and other private financial or medical information.  Due to the volume and type of discovery materials, much of this information is not easily redactable.  The defense acknowledges their responsibilities under Fed. R. Civ. P. 5.2 or Fed. R. Crim. P. 49.1 and will redact discovery containing personal identifying information before filing it with the Court, or sharing it with third parties who are not signatories to this protective order.

4.      The contemplated discovery materials, which may include grand jury transcripts and attachments thereto, also contain information relating to matters that occurred before the grand jury.  Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure permits the Court to "authorize the disclosure…of a grand-jury matter preliminarily to or in connection with a judicial proceeding…."  Here, the aforementioned defendant, by and through his counsel, may appropriately receive the discovery materials and may require information contained therein to adequately prepare and assess their respective cases.  The government may disclose privileged documents and information protected from discovery, but is not bound to do so. Disclosure, subject to the restrictions delineated in Paragraph 5 below, is therefore appropriate so that the United States may fulfill its discovery obligations.

5.The parties agree and request that the Court subject disclosure of discovery materials provided to the aforementioned defendant, by and through his counsel, to the following restrictions:

a.The aforementioned defendant, by and through his counsel, recognizes that the documents and information provided in discovery shall be used only to prepare and evaluate the defense in this proceeding, and agrees to take appropriate steps, consistent with his obligations to present a defense, to protect the privacy rights of third parties.

b.As noted above, any pleadings that reveal the personal identifying or private financial or medical information of third parties, shall either be filed in accordance with Fed. R. Civ. P. 5.2 and Fed. R. Crim. P. 49.1 or shall be redacted to prevent the disclosure of such information or filed under seal.  In the case of the filing of such a sealed pleading, the parties agree to provide each other with copies of the pleading filed under seal.

c.Any person to whom the documents or information are disclosed shall be provided with a copy of this Stipulation and Order and all parties shall maintain records of all persons to whom disclosure has been made following the date of entry of this Stipulation and Order.

//

//

//

//

//

//

//

3

6. If a defendant does not file an appeal, within 30 court days of the filing of the judgment and conviction or order dismissing all charges pertaining to that defendant, or, if a defendant files an appeal, within 30 court days of the issuance of the mandate from the appellate court as to that defendant, all private documents provided to the defendant pursuant to this Order, and all authorized copies, shall be returned to the Government or destroyed. If the defendant believes that he must maintain the material for any other reason related to this legal proceeding, including further appeal or other post-conviction relief, the defendant shall seek authorization from the Court within the applicable 30-day period to further retain the material.

**So stipulated.**  MARTIN A. SCHAINBAUM
A PROFESSIONAL LAW CORPORATION

DATED: August 12, 2011                          /s/
MARTIN A. SCHAINBAUM, ESQ.
BRYANT W.H. SMITH, ESQ.
ANDREW D. ALLEN, ESQ.
Attorneys for Defendant William Hirst

**So stipulated.**  MELINDA HAAG
United States Attorney

DATED: August 12, 2011                          /s/
THOMAS MOORE
Assistant United States Attorney

IT IS SO ORDERED this _8th day of September, 2011, at Oakland, California.

_Sandra B. Armstrong_
United States District Judge

4