1
2
3
4          UNITED STATES DISTRICT COURT
5     FOR THE NORTHERN DISTRICT OF CALIFORNIA
6              OAKLAND DIVISION
7

8  UNITED STATES OF AMERICA,           Case No:  CR 11-00157 SBA
9              Plaintiff,              **ORDER DENYING DEFENDANT'S**
                                       **MOTION FOR DISCOVERY**
10      vs.
11  WILLIAM HIRST,
12              Defendant.
13

14  **I.     INTRODUCTION**

15          Defendant is charged in a two-count Indictment with violations of 18 U.S.C.

16  § 1001—False Statements to the Internal Revenue Service ("IRS").  On July 12, 2011,

17  Defendant filed a motion for discovery, which listed sixteen categories of requested

18  discovery (identified as Requests A through P).  The Government's initial response to

19  Defendant's motion failed to specifically address each of the sixteen categories.  Dkt. 12.

20  Thus, on September 14, 2011, the Court issued an order directing the Government to file a

21  supplemental response to address each discovery request individually.  Dkt. 19.  The

22  Government filed its supplemental brief on September 21, 2011, Dkt. 20, and Defendant

23  filed a supplemental reply on September 28, 2011, Dkt. 21.  Having read and considered

24  the papers submitted in connection with this matter, and being fully informed, the Court

25  DENIES Defendant's motion for discovery, as set forth below.

26
27
28

**II.      DISCUSSION**

    **A.      EXCULPATORY EVIDENCE**

      Defendant seeks the production of all exculpatory evidence, as required under Brady v. Maryland, 373 U.S. 83 (1963).  The Government responds that it has complied with its obligations under Brady and Federal Rule of Criminal Procedure 16, and will continue to do so.  Gov. Supp. Opp'n at 2-3.  Defendant counters that he is entitled to recordings of any testimony provided to the Grand Jury as well as any witness statements obtained by the Government.  Def.'s Supp. Reply at 2-3.  However, the Government represents that no exculpatory statements were made during the Grand Jury proceeding that are subject to disclosure pursuant to Brady.  See Moore Decl. ¶ 2, Dkt. 13.[1]  Since there appears to be no other dispute regarding the Government's compliance with Brady or Rule 16, Defendant's request is DENIED AS MOOT.

    **B.      STATEMENTS OF DEFENDANT**

      Defendant requests the production of all statements made by him, as required by Rule 16(a)(1)(B).  In its supplemental response, the Government responds that it has complied with its Rule 16 obligations, and has produced the handwritten notes from IRS employees who interviewed Defendant and has disclosed the identity of those employees as well.  Gov. Supp. Opp'n at 3.  Defendant acknowledges that he has received the aforementioned notes, but adds that he seeks any handwritten notes made by IRS employee Lee. C. Schwemer, "who apparently was present during an interview or interviews of the Defendant."  Def.'s Supp. Reply at 3.  To the extent that Mr. Schwemer made notes from statements made by Defendant, and such notes are subject to disclosure under Rule

---

[1] Defendant now claims that his daughter, Shery Briehl, was interviewed by Government agents and may have made exculpatory statements.  Def.'s Supp. Reply at 2. Because Defendant raised this issue for the first time in his supplemental reply, the Government has not had the opportunity to address it.  In any event, the Court accepts the Government's representation that it understands and will continue to comply with its obligations under Brady.  Should a dispute arise over the disclosure of Ms. Briehl's statements, Defendant may file a renewed motion for discovery on this particular issue.

16(a)(1)(B), the Government should produce them to Defendant forthwith.  Otherwise, Defendant's request is DENIED AS MOOT.

### C.   DEFENDANT'S CRIMINAL HISTORY

Defendant seeks a copy of his prior criminal history record.  Fed. R. Crim. P. 16(a)(1)(D).  The parties now agree that no such record exists.  Def.'s Supp. Reply at 3.  Therefore, this request is DENIED AS MOOT.

### D.   MATERIAL OR CASE-IN-CHIEF EVIDENCE

Defendant seeks the disclosure of any evidence that is "material to preparing the defense" and which "the government intends to use the item in its case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(E)(i)-(ii).  In its supplemental response, the Government states that it has complied with Rule 16 and is aware of its continuing obligation to provide such material.  Gov. Supp. Opp'n at 3.  In turn, Defendant responds that he "renews his request for all documents and tangible documents," as required by Rule 16.  Def.'s Supp. Reply at 3.  However, there is no allegation or evidence that the Government is refusing to comply with its obligations under Rule 16(b)(1)(E).  In the absence of any live controversy, Defendant's request is DENIED AS MOOT.  Should an actual dispute arise, and the parties are unable to resolve the dispute after making a good faith effort to do so, Defendant may renew his motion for this particular discovery.

### E.   EXPERT REPORTS

Defendant seeks the disclosure of any expert reports prepared by or in the custody or control of the Government.  The Government responds that no such reports exist.  Gov. Supp. Opp'n at 3.  Defendant accepts the Government's representation.  Def.'s Supp. Reply at 3.  Defendant's request is therefore DENIED AS MOOT.

### F.   GRAND JURY TESTIMONY

Defendant requests the immediate disclosure of any transcripts from any Grand Jury proceedings.  "A trial judge should order disclosure of grand jury transcripts only when the party seeking them has demonstrated that a '*particularized need* exists [] which outweighs the policy of secrecy.'"  United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986)

1  (quoting <u>Pittsburgh Plate Glass Co. v. United States</u>, 360 U.S. 395, 400 (1959)) (emphasis

2  added).  To establish a "particularized need" for grand jury information, the party must

3  show that "the material they seek is needed to avoid a possible injustice in another judicial

4  proceeding, that the need for disclosure is greater than the need for continued secrecy, and

5  that their request is structured to cover only material so needed."  <u>United States v. Caruto</u>,

6  627 F.3d 759, 768 (9th Cir. 2010).

7       Here, Defendant's request for the production of Grand Jury transcripts is

8  unaccompanied by a showing of particularized need.  With regard to transcripts of witness

9  testimony favorable to Defendant within the meaning of <u>Brady</u>, the Government has

10  represented that it possesses no such material.  Moore Decl. ¶ 2, Dkt. 2.  Moreover, witness

11  statements are not subject to disclosure unless and until the witness testifies on direct

12  examination.  Fed. R. Crim. P. 26.2 ("After a witness other than the defendant has testified

13  on direct examination, the court, on motion of a party who did not call the witness, must

14  order an attorney for the government or the defendant and the defendant's attorney to

15  produce, for the examination and use of the moving party").  For these reasons,

16  Defendant's motion for the production of transcripts from any Grand Jury proceedings is

17  DENIED.

18      **G.**    **GOVERNMENT INFORMANTS**

19       Defendant requests the disclosure of the identity of any informants.  The

20  Government has represented that there are no informants in this case.  Gov. Supp. Opp'n at

21  3.  As such, Defendant's request is DENIED AS MOOT.

22      **H.**    **DISCLOSURE OF WITNESSES**

23       Defendant seeks the immediate disclosure of all witnesses the Government intends

24  to call in its case-in-chief.  The Ninth Circuit has consistently held that in non-capital cases

25  the Government need not disclose the names of its witnesses prior to trial.  <u>United States v.</u>

26  <u>Steel</u>, 759 F.2d 706, 709 (9th Cir. 1985) (citing cases); <u>see also</u> Crim. L.R. 17.1-1(b)(9)

27  (specifying that witnesses are to be disclosed seven days prior to trial).  Thus, Defendant's

28  request is DENIED AS MOOT.

I.    NAMES AND ADDRESSES OF PERSONS INTERVIEWED

Defendant seeks the identity of all witnesses which the Government has interviewed in connection with the instant matter but does not intend to call at trial.  However, the Government is not obligated to provide such information.  See United Stated v. Cadet, 727 F.2d 1453, 1469 (9th Cir. 1984) ("The court abused its discretion in ordering the government to produce the statements of witnesses it did not intend to call at trial.") (citing United States v. Mills, 641 F.2d 785, 789-790 (9th Cir. 1981)).  Thus, Defendant's request is DENIED.

J.    WITNESS CRIMINAL HISTORIES

Defendant requests that the Government provide the criminal histories of potential witnesses.  In response, the Government contends that it is not required to disclose such information to the Defendant under Rule 16.  Gov. Supp. Opp'n at 4.  Under Brady and Giglio v. United States, 405 U.S. 150, 154-55 (1972), however, the prosecution must disclose material impeachment evidence concerning its witnesses.  See Kyles v. Whitley, 514 U.S. 419, 433 (1995).  That duty extends to the criminal histories of government witnesses.  See United States v. Price, 566 F.3d 900, 903 (9th Cir. 2009); Carriger v. Stewart, 132 F.3d 463, 479-80 (9th Cir. 1997).[2]  That notwithstanding, as noted above, the Government has represented that it has complied and will continue to comply with its obligations under Brady.  Gov. Supp. Opp'n at 2.  In addition, it is not clear from the papers whether there is an actual controversy regarding the Government's willingness to produce the criminal history of its witnesses.  Therefore, Defendant's request is DENIED at this juncture.  If necessary, Defendant may renew his motion in event an actual dispute arises concerning the disclosure of this information.

---

[2] Defendant relies on out-of-circuit district court authority from 1971 to support its argument, notwithstanding the fact that there is more recent controlling Ninth Circuit case law that is directly on point.  In the future, Defendant should endeavor to support its arguments with relevant, Supreme Court and/or Ninth Circuit authority in his briefs.

### K.    EXPERT WITNESSES

The Government has indicated that it does not intend to use any expert witnesses in this case.  Gov. Supp. Opp'n at 4.  As such, Defendant's request for the identity of any of Government expert witnesses is DENIED.

### L.    BRADY WITNESSES

Defendant seeks the disclosure of the names and addresses of the Government's witnesses.  The Government counters that the information sought by Defendant is readily ascertainable from the discovery it has produced in this case, and that it is not required to "do his work."  See Gov. Supp. Opp'n at 5.  The prosecution has no general duty to disclose information that is already known to the defense or is readily available from other sources.  See United States v. Aichele, 941 F.2d 761, 764 (9th Cir. 1994) ("When, as here, a defendant has enough information to be able to ascertain the supposed Brady material on his own, there is no suppression by the government."); United States v. Dupuy, 760 F.2d 1492, 1502 n.5 (9th Cir. 1985) (same).  Though Defendant purports to "renew" his request for disclosure of the identity of Brady witnesses, he does not dispute that such information is already within his possession and control.  Accordingly, his request is DENIED.

### M.    SURVEILLANCE

Defendant requests the disclosure of any electronic or mechanical surveillance of the Defendant or any informants.  The Government responds that it has no such material in its possession.  Gov. Supp. Opp'n at 5; Def.'s Supp. Reply at 5.  Thus, Defendant's request is DENIED AS MOOT.

### N.    LINE-UPS

Defendant requests the disclosure of any line-ups identifying the Defendant or any co-participants.  The Government responds that it has no such material in its possession, and Defendant has accepted such representation.   Gov. Supp. Opp'n at 5; Def.'s Supp. Reply at 5.  Thus, Defendant's request is DENIED AS MOOT.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### O.    MEANS EVIDENCE

Defendant requests that the Government disclose the manner or means by which documentary evidence relevant to this case was obtained.  The Government responds that its evidence was obtained through a search warrant, summons and public records.  Gov. Supp. Opp'n at 5.  Defendant accepts the Government's response.  Def.'s Supp. Reply at 5. Defendant's request is therefore DENIED AS MOOT.

### P.    FRE 404(B) EVIDENCE

Defendant requests that the Government disclose whether it intends to utilize any evidence under Federal Rule of Evidence 404(b) either in its case-in-chief or its rebuttal case.  In its supplemental response, the Government states that it still is in the process of reviewing the evidence in this case, and that in the event it plans on introducing Rule 404(b) evidence, it will disclose its intent to do so to Defendant with an adequate amount of time to prepare for trial.  Gov. Supp. Opp'n at 5.  Defendant, in turn, responds that the Government should be required to disclose whether it intends to rely on any Rule 404(b) evidence, though he does not articulate *when* such disclosure should occur.  Def.'s Supp. Reply at 5.

Rule 404(b) provides that "the prosecution in a criminal case shall provide *reasonable notice* in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, ..."  Fed. R. Evid. 404(b) (emphasis added).  Given the Government's response, coupled with the fact no trial date has been set, the Court finds that no compelling reason has been presented by Defendant to require the Government to disclose its intentions at this juncture or by any particular date.  For that reason, Defendant's request is DENIED. To the extent that the parties are unable to reach an agreement regarding the timing for the Government's Rule 404(b) disclosure, the Court may revisit the issue, upon request of the Defendant, once a trial date is set.

III.     **CONCLUSION**

For the reasons set forth above,

IT IS HEREBY ORDERED THAT Defendant's motion for discovery is DENIED.

IT IS SO ORDERED.

Dated:  November 17, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge